IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01842-PAB

GEOFFREY WORMER,
SCOTT REYNOLDS, and
JEFF COCHRAN,

    Plaintiffs,

v.

DANIEL H. LOWE,

    Defendant.

---

# ORDER

---

This matter comes before the Court on plaintiffs' Motion for Entry of Default Judgment for a Sum Certain [Docket No. 11].

## I. BACKGROUND[1]

### A. Factual Allegations

On May 23, 2022, defendant Daniel H. Lowe entered into a confession of judgment with each plaintiff in this case concerning debts owed by Mr. Lowe to the plaintiffs. Docket No. 1 at 2-3, ¶¶ 6-8; Docket Nos. 1-4, 1-5, 1-6. The confessions of judgment ("Contracts")[2] state the amount of money owed to each plaintiff and stipulate

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 10, the factual allegations in plaintiffs' complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

[2] The terms of each contract are identical except for the amounts of debt and the names and addresses of the plaintiffs. Docket No. 1 at 3, ¶ 14; *compare* Docket No. 1-4 *with* Docket No. 1-5 *and* Docket No. 1-6. When referring to terms that are common to

that, if Mr. Lowe fails to pay the total sum owed to the plaintiffs by October 1, 2022, he will be in default.  Docket No. 1-4 at 1, ¶¶ 2-3.  According to the terms of the Contracts, Mr. Lowe owes $245,462.00 to plaintiff Geoffrey Wormer, *id*, ¶ 2; $147,273.00 to plaintiff Scott Reynolds, Docket No. 1-5 at 1, ¶ 2; and $98,216.00 to plaintiff Jeff Cochran.  Docket No. 1-6 at 1, ¶ 2.  In the event of default, interest will accrue on the remaining balance owed to plaintiffs at a rate of 16% per annum from October 1, 2022 until the debts are paid in full.  Docket No. 1-4 at 1, ¶ 7.  In addition, if Mr. Lowe fails to make full payment according to the terms of the Contracts, plaintiffs are entitled to costs and "reasonable attorney fees incurred to confirm and collect on this Confession of Judgment."  *Id.* at 2, ¶ 10.

The Contracts permit plaintiffs to file suit in the United States District Court for the District of Colorado in the event of default in order to obtain judgments against Mr. Lowe in the amounts still owing to plaintiffs.  *Id.* 1-2, ¶¶ 6, 11.  To this end, the Contracts stipulate that the United States District Court for the District of Colorado shall be the exclusive jurisdiction and venue for any action brought related to the Contracts and that the parties consent to the jurisdiction of this court over such an action.  *Id.* at 2, ¶ 11.

Mr. Lowe has not made any payments to plaintiffs for the amounts owed under the Contracts.  Docket No. 1 at 4, ¶ 16; Docket No. 1-1 at 1, ¶ 4; Docket No. 1-2 at 1, ¶ 4; Docket No. 1-3 at 1, ¶ 4.

---

all of the Contracts, the Court will cite only the contract between Mr. Wormer and Mr. Lowe.  *See* Docket No. 1-4.

### B.  Procedural History

Plaintiffs filed this case on July 20, 2023.  Docket No. 1.  On September 28, 2023, plaintiffs filed an executed proof of service.  Docket No. 8.  Mr. Lowe has not filed an appearance in this lawsuit.  On February 26, 2024, the Clerk of Court entered default against Mr. Lowe.  Docket No. 10.  On February 28, 2024, plaintiffs filed a motion for default judgment.  Docket No. 11.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."  *Id.* at 733.

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir.

1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").  One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Id*.  A court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III. ANALYSIS

#### A. Jurisdiction

Before addressing the merits of plaintiffs' motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Mr. Lowe. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

##### 1. Subject Matter Jurisdiction

Plaintiffs' complaint asserts that the Court has jurisdiction over this matter under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5. Plaintiffs' response to the Court's March 5, 2024 order to show cause demonstrates that there is diversity of citizenship, since Mr. Lowe is a citizen of Kansas, Mr. Reynolds is a citizen of Texas, and Mr. Wormer and Mr. Cochran are citizens of Colorado. Docket No. 15 at 3. The amount in controversy for each individual claim is in excess of $75,000.000. Docket No. 1 at 2-3, ¶¶ 6-8. Accordingly, the Court finds that it has diversity jurisdiction over this case under 28 U.S.C. § 1332.

##### 2. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). Plaintiff can satisfy its burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). A court will accept the well-pled allegations of the complaint as true in

determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the court need not look further. *Id.* The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *Id.*

Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

### a. Service of Process

On September 28, 2023, plaintiffs filed an executed proof of service stating that, on September 1, 2023, Aaron Kuhns served Mr. Lowe by leaving the complaint, civil cover sheet, and summons at Mr. Lowe's usual workplace with Mr. Lowe's managing agent. Docket No. 8 at 2. Federal Rule of Civil Procedure 4 permits an individual to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Colorado law permits service on an individual "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent." Colo. R. Civ. P. 4(e)(1). Accordingly, the Court finds that service of process on Mr. Lowe's managing agent at Mr. Lowe's usual workplace constitutes proper service. *See O'Brien*

6

*v. R.J. O'Brien & Assocs., Inc.* 998 F.2d 1394, 1398 (7th Cir. 1993) ("A signed return of service constitutes prima facie evidence of valid service '"which can be overcome only by strong and convincing evidence."'" (quoting *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)); *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005).

### b. Forum-Selection Clause

Parties may consent to personal jurisdiction through the use of a forum-selection clause. *See Burger King v. Rudzewicz*, 471 U.S. 462, 473 (1985). Forum-selection clauses generally establish a prima facie case of personal jurisdiction. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992). Forum-selection clauses are generally enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991); *Kevlion, Inc. v. PetroChine Canada Ltd.*, 918 F.3d 1088, 1093-94 (10th Cir. 2019).

Plaintiffs' complaint states that "the parties all consented to the exclusive jurisdiction and venue of the United States District Court for the District of Colorado." Docket No. 1 at 2, ¶ 5. The Contracts contain the following stipulation:

> All matters at issue and all questions concerning the interpretation and enforcement of this Confession of Judgment shall be decided and construed in accordance with the laws of the State of Colorado. The exclusive jurisdiction and venue of any action brought related to this Confession of Judgment shall be the United States District Court for the District of Colorado, and the parties hereby agree and consent to the jurisdiction of such Court over said action.

Docket No. 1-4 at 2, ¶ 11. This action concerns the enforcement of the Contracts. The Court therefore finds that, based on the Contracts' forum-selection clauses, it has personal jurisdiction over Mr. Lowe in this action.

### B.  Liability

Plaintiffs bring one claim against Mr. Lowe for breach of contract.[3]  Docket No. 1 at 5, ¶¶ 23-27.  Under Colorado law, the elements of a claim for breach of contract are: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff."  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted).

As to the first element, plaintiffs attach the Contracts as exhibits to the complaint.  Docket Nos. 1-4, 1-5, 1-6.  Each Contract is signed by Mr. Lowe and the respective plaintiff.  Docket No. 1-4 at 2-3; Docket No. 1-5 at 2-3; Docket No. 1-6 at 2-3.  As to the second element, plaintiffs' performance under the Contracts appears to be in the form of forbearance.  *See Lucht's Concrete Pumping, Inc. v. Horner*, 255 P.3d 1058, 1061 (Colo. 2011) ("Consideration may take the form of forbearance by one party to refrain from doing something that it is legally entitled to do.") (citing *Troutman v. Webster*, 82 Colo. 93, 97 (Colo. 1927); *Int'l Paper Co v. Cohen*, 126 P.3d 222, 225 (Colo. App. 2005); *Jones v. Jones,* 1 Colo. App. 28, 32 (Colo. App. 1891)).  In the Contracts, Mr. Lowe "acknowledges" that he personally owes each plaintiff a sum of money, but each

---

[3] Plaintiffs' complaint states that their claim is for "breach of confession of judgment."  Docket No. 1 at 5.  Although Colorado formerly had a statute governing confessions of judgment, *see Brown v. Miller*, 11 Colo. 431, 433 (Colo. 1888), and later set forth the procedure for confession of judgment in the Colorado Rules of Civil Procedure, *see Hildyard v. W. Fasteners, Inc.*, 522 P.2d 596, 598 (1974), there is currently no applicable Colorado rule regarding confessions of judgment.  *Morgan v. Genesee Co., LLC*, 86 P.3d 388, 393 (Colo. 2004).  Therefore, the Court will interpret plaintiffs' claim for "breach of confession of judgment" as a claim for breach of contract.  *See* Docket Nos. 1-4, 1-5, 1-6; *see also Jensen v. Famfirst Home Builders, Inc.*, No. 07-cv-01938-REB-BNB, 2009 WL 3260663, at *1-2 (D. Colo. Oct. 8, 2009).

plaintiff agrees that Mr. Lowe has until October 1, 2022 to pay the debt before plaintiff considers him to be in default.  Docket No. 1-4 at 1, ¶¶ 2-3.  And plaintiffs agree that they are entitled to seek final judgment against Mr. Lowe only in the event of default.  *Id.*, ¶ 6.  Plaintiffs filed this case on July 20, 2023, after Mr. Lowe failed to make any payments to plaintiffs by October 1, 2022.  Docket No. 1 at 4, ¶ 16; Docket No. 1-1 at 1, ¶ 4; Docket No. 1-2 at 1, ¶ 4; Docket No. 1-3 at 1, ¶ 4.  Therefore, plaintiffs have performed under the Contract.

As to the third element, the Contracts require Mr. Lowe to pay $245,462.00 to Mr. Wormer, $147,273.00 to Mr. Reynolds, and $98,216.00 to Mr. Cochrane by October 1, 2022.  Docket No. 1 at 2-3, ¶¶ 6-8, 15; *see* Docket No. 1-4 at 1, ¶¶ 2-3; Docket No. 1-5 at 1, ¶¶ 2-3; Docket No. 1-6 at 1, ¶¶ 2-3.  Mr. Lowe has not made any payments to plaintiffs on the amounts owed under the Contracts by that date.  Docket No. 1 at 4, ¶ 16; Docket No. 1-1 at 1, ¶ 4; Docket No. 1-2 at 1, ¶ 4; Docket No. 1-3 at 1, ¶ 4.  Therefore, Mr. Lowe has failed to perform the Contracts.

As to the fourth element, plaintiffs have suffered damages as a result of Mr. Lowe's failure to pay the amounts owed to them.  Docket No. 1 at 4-5, ¶¶ 20-22.  The Court finds that plaintiffs are entitled to default judgment against Mr. Lowe for breach of contract for failing to pay the sums agreed upon in the Contracts by October 1, 2022.

Under the terms of the Contracts, the plaintiffs are therefore entitled to (1) the principal amount listed in each of the Contracts; (2) interest on the principal amount owed that has accrued since October 1, 2022 at a rate of 16% per annum; and (3) plaintiffs' costs and reasonable attorney fees incurred to confirm and collect on the

amounts owed.  Docket No. 1-4 at 1-2, ¶¶ 2, 7, 10; Docket No. 1-5 at 1-2, ¶¶ 2, 7, 10; Docket No. 1-6 at 1-2, ¶¶ 2, 7, 10.

### C.  Relief

Plaintiffs' motion asks the Court to enter a judgment for a sum certain to the plaintiffs in the following amounts:

- Mr. Wormer: $245,462 plus interest at 16% per annum from October 1, 2022 and 1/3 costs of this action;
- Mr. Reynolds: $147,273 plus interest at 16% per annum from October 1, 2022 and 1/3 costs of this action; and
- Mr. Cochrane: $98,216 plus interest at 16% per annum from October 1, 2022 and 1/3 costs of this action.

Docket No. 11 at 3; *see also* Docket No. 11-1 at 1-2, ¶ 7.  Plaintiffs have not requested an award of attorney fees.

When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).  To obtain a default judgment for a sum certain, plaintiffs must make two showings under the Local Rules.  First, plaintiffs must show that Mr. Lowe is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance.  D.C.COLO.LCivR 55.1(a)(1).  The affidavit by plaintiffs' attorney that was filed as an exhibit to plaintiffs' motion satisfies this requirement.  *See* Docket No. 11-1 at 1, ¶¶ 4-5.  Second, plaintiffs must show that the sum is certain or the sum can be made certain by computation.  D.C.COLO.LCivR 55.1(a)(2).  The affidavit by plaintiffs' attorney states that, under the terms of the Contracts, Mr. Lowe is indebted to each plaintiff in the amounts listed above plus interest at a rate of 16% per annum from October 1, 2022 and one third costs of this

10

action. Docket No. 11-1 at 1-2, ¶ 7; *see also* Docket No. 1-4 at 1-2, ¶¶ 2, 7, 10; Docket No. 1-5 at 1-2, ¶¶ 2, 7, 10; Docket No. 1-6 at 1-2, ¶¶ 2, 7, 10.

Additionally, plaintiffs must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of post judgment interest. D.C.COLO.LCivR 55.1(b). Plaintiffs have done so. Docket Nos. 11-2, 11-3, 11-4. Therefore, the Court finds that plaintiffs have demonstrated that they are entitled to the requested relief.

On the date of this order, May 13, 2024, it has been 590 days since October 1, 2022, when Mr. Lowe defaulted pursuant to the terms of the Contracts. The Court finds that Mr. Wormer is entitled to a principal amount of $245,462.00, plus $63,483.87 in interest, for a total of $308,945.87, plus one third of the costs of this action and post judgment interest at a rate of 16% per annum.[4] The Court finds that Mr. Reynolds is entitled to a principal amount of $147,273.00, plus $38,089.24 in interest, for a total of $185,362.24, plus one third of the costs of this action and post judgment interest at a rate of 16% per annum. The Court finds that Mr. Cochran is entitled to a principal amount of $98,216.00, plus $25,401.62 in interest, for a total of $123,617.62, plus one third of the costs of this action and post judgment interest at a rate of 16% per annum.

---

[4] Plaintiffs' proposed orders of judgment seek post judgment interest at 16% per annum from the date of judgment until paid in full. Docket No. 11-2 at 1, ¶ 3; Docket No. 11-3 at 1, ¶ 3; Docket No. 11-4 at 1, ¶ 3. This request comports with language in the Contracts stating that, "[i]n the event of Default interest shall accrue on the remaining balance of the Debt beginning October 1, 2022, until paid in full at the default rate of 16.00% per annum." Docket No. 1-4 at 1, ¶ 7. Because the Contracts stipulate that interest shall accrue until the debt is paid in full and the debt has not been paid, the Court will award plaintiffs post judgment interest.

**IV. CONCLUSION**

Therefore, it is

**ORDERED** that the Motion for Entry of Default Judgment for a Sum Certain [Docket No. 11] is **GRANTED**. It is further

**ORDERED** that default judgment is entered against Daniel Lowe. It is further

**ORDERED** that Mr. Lowe shall pay to Goeffrey Wormer $308,945.87 and one third of the costs of this action, with post judgment interest accruing at a rate of 16% per annum. It is further

**ORDERED** that Mr. Lowe shall pay to Scott Reynolds $185,362.24 and one third of the costs of this action, with post judgment interest accruing at a rate of 16% per annum. It is further

**ORDERED** that Mr. Lowe shall pay to Jeff Cochran $123,617.62 and one third of the costs of this action, with post judgment interest accruing at a rate of 16% per annum. It is further

**ORDERED** that this plaintiffs shall file a motion for costs on or before **June 12, 2024,** in compliance with D.C.COLO.LCivR 54.1.

DATED May 13, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge